UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH, | Case No. EDCV 17-1594-JFW (KK) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| PATTON STATE HOSPITAL, | |
| Defendants. | |

## I.
## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a civil rights complaint ("Complaint") alleging Defendant Patton State Hospital ("Defendant") violated his Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the Complaint with leave to amend.

///
///
///
///
///

## II.

## BACKGROUND

On July 27, 2017, Plaintiff constructively filed[1] a civil rights complaint alleging Defendant violated his Fourteenth Amendment rights to substantive due process and to be free from "cruel and unusual punishment [and] torture." ECF Docket No. ("Dkt.") 1 at 4.

Plaintiff alleges he is hospitalized at Patton State Hospital "for no reason." Id. at 6. Plaintiff claims he is "not in need of treatment," he "do[es] not take medication," he is "not mentally ill & not dangerous." Id. According to Plaintiff, his doctors have recommended that Plaintiff "be unconditionally released out of the hospital straight home because [Plaintiff's] hospitalization is unjustifiable, unnecessary & cruel." Id. Plaintiff alleges Harry Oreol and Kayla Fisher, directors of Patton State Hospital, "have been notified of [Plaintiff's] doctors' recommendation & are aware of the unnecessary cruel conditions of [his] confinement but because of the hospital's policies they refuse to do anything about it." Id.

Plaintiff claims his confinement is "unnecessary, unjustifiable, oppressive, dangerous & cruel." Id. He alleges his "health & safety is in danger" because he is "forced to live with dangerous severely mentally ill patients that are heavily medicated, unsanitary, mean, disrespectful, aggravating & have committed murders & other horrendous violent crimes." Id. Plaintiff claims he is "living in

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Williamson v. Flavan, No. CV 08-3635-R (JEM), 2009 WL 3066642, at *3 (C.D. Cal. Sept. 21, 2009) (applying "mailbox rule" to civilly committed individuals as well).

2

fear deprived of [his] life & liberty, suffering endless amounts of frustration, stress & uncertainty." Id.

Plaintiff seeks $250,000,000 in monetary and punitive damages, as well as "unconditional release from Patton State Hospital and the mental health system." Id. at 5.

### III.
### **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the Complaint and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th

Cir. 2008) (citation omitted). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///
///

4

# IV.
# DISCUSSION

## A. PLAINTIFF FAILS TO STATE A CLAIM CHALLENGING HIS COMMITMENT TO PATTON STATE HOSPITAL

### (1) APPLICABLE LAW

Under section 1026.2 of the California Penal Code, a person found not guilty by reason of insanity may apply for release upon the ground that his sanity has been restored. Cal. Pen. Code § 1026.2. Either the insanity acquittee or the medical director of the state hospital or other treatment facility to which the acquittee is committed may apply for release. §1026 (a) and (d). The remedy for a plaintiff challenging his civil commitment or denial of release is through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). A civil rights action under Section 1983 is proper for challenging conditions of confinement only. Id. at 498-99.

### (2) ANALYSIS

Here, to the extent Plaintiff is challenging his continued civil confinement by alleging he is not mentally ill, and therefore eligible to be released, the proper remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state judicial remedies. Plaintiff may not challenge his continued commitment through a Section 1983 complaint. Thus, to the extent Plaintiff is challenging his commitment, the claim must be dismissed.

## B. THE ELEVENTH AMENDMENT BARS CLAIMS AGAINST DEFENDANT

### (1) APPLICABLE LAW

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state." Brooks v. Sulphur Springs Valley Elec. Co-op., 951 F.2d 1050, 1053 (9th Cir. 1991) (citing Pennhurst State School & Hosp.

v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984)). This jurisdictional bar includes "suits naming state agencies and departments as defendants," and it applies whether plaintiffs "seek damages or injunctive relief." Id.; Pennhurst State School, 465 U.S. at 102. "[A]n entity with Eleventh Amendment immunity is not a "person" within the meaning of § 1983." Howlett By & Through Howlett v. Rose, 496 U.S. 356, 365, 110 S. Ct. 2430, 110 L. Ed. 2d 332 (1990).

### (2) ANALYSIS

Here, the Eleventh Amendment bars Plaintiff from raising any claim against Defendant Patton State Hospital. See Shaw v. State of California Dep't of Alcoholic Beverage Control, 788 F.2d 600, 603 (9th Cir. 1986) ("[T]he Eleventh Amendment has been held to bar suits against a state brought by its own citizens, whether the relief sought is money damages or an injunction."); Jeffrey v. St. Clair, 933 F. Supp. 963, 971 (D. Haw. 1996) (holding claims against employees of state hospital were barred by the Eleventh Amendment). As the state of California has not waived its Eleventh Amendment immunity, Plaintiff's claims must be dismissed.

## V.
## **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

For the foregoing reasons, the Complaint is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a**

**blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a First Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the First Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a First Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a First Amended Complaint with claims on which relief cannot be granted, the First Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a First Amended Complaint will result in this action being dismissed with prejudice**

**for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: August 11, 2017

*/s/ Kenly Kiya Kato*
HONORABLE KENLY KIYA KATO
United States Magistrate Judge