UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH, <br> Plaintiff, <br> v. <br> HARRY OREOL, <br> Defendants. | Case No. EDCV 17-1594-JFW (KK) <br><br> ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a First Amended Complaint ("FAC") against Defendant Harry Oreol ("Defendant") in his individual capacity for violations of Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the FAC with leave to amend.

///
///
///
///
///

## II.

## **BACKGROUND**

On July 27, 2017, Plaintiff constructively filed[1] a civil rights complaint alleging defendant Patton State Hospital violated his Fourteenth Amendment rights to substantive due process and to be free from "cruel and unusual punishment [and] torture." ECF Docket No. ("Dkt.") 1 at 4. Plaintiff alleged he was being hospitalized at Patton State Hospital "for no reason," that he was "not in need of treatment," did "not take medication," and is "not mentally ill & not dangerous." Id. at 6. He further claimed his confinement was "unnecessary, unjustifiable, oppressive, dangerous & cruel." Id.

On August 11, 2017, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a claim. Dkt. 6.

On August 17, 2017, Plaintiff constructively filed the instant FAC against defendant Harry Oreol, the Executive Director of Patton State Hospital, claiming that "[a]s a result of Harry Oreols' negligence, [Plaintiff] is being 'robbed of [his] Constitutional rights.'" Dkt. 9. In the FAC, Plaintiff alleges the "conditions of [his] confinement are 'unjustifiable, oppressive, dangerous & cruel.'" Id. at 7. Plaintiff further claims he is "hospitalized although [he] [is] 'not mentally ill, not dangerous & receiving no treatment.'" Id. Plaintiff alleges his "'health & safety is in danger' because [he] [is] 'forced to live with abusive staff & dangerous severely mentally ill patients, that are heavily medicated, unsanitary, mean, disrespectful, aggravating & have committed murders & other horrendous violent crimes.'" Id. Specifically, Plaintiff claims that on September 10, 2014, he was "viciously

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Williamson v. Flavan, No. CV 08-3635-R (JEM), 2009 WL 3066642, at *3 (C.D. Cal. Sept. 21, 2009) (applying "mailbox rule" to civilly committed individuals as well).

attacked by a patient for no reason." Id. Plaintiff states he is "'living in fear, deprived of [his] life & liberty, suffering endless amounts of frustration, stress & uncertainty.'" Id.

Accordingly, Plaintiff seeks "$250,000,000 in monetary and punitive damages." Id. at 5.

## III.
## STANDARD OF REVIEW

As Plaintiff is proceeding in forma pauperis, the Court must screen the FAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007) (citation omitted). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). However, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). Although a complaint need not include detailed

3

factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Cook, 637 F.3d at 1004 (citation omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008) (citation omitted). "[W]e have an obligation where the p[laintiff] is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the p[laintiff] the benefit of any doubt." Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

///
///
///
///
///
///

4

# IV.
# DISCUSSION

## A. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANT

### (1) APPLICABLE LAW

Under the Fourteenth Amendment, a civilly-committed person may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). A government action constitutes punishment if "(1) the action causes the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action is to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1030 (2004); Endsley v. Luna, 750 F. Supp. 2d 1074, 1100 (C.D. Cal. 2010), aff'd, 473 F. App'x 745 (9th Cir. 2012). The harm or disability "must either significantly exceed, or be independent of, the inherent discomforts of confinement." Demery, 378 F.3d at 1030. Additionally, an improper purpose can be established by showing the conditions are "expressly intended to punish" or that the conditions serve a non-punitive purpose but are excessive in relation to that purpose. Townsend v. King, No. 1:13-CV-01742-GSA-PC, 2014 WL 1024009, at *4 (E.D. Cal. Mar. 17, 2014) ("Treatment is presumptively punitive when a civil detainee is confined in conditions identical to, similar to, or more restrictive than his criminal counterparts, and when a pre-adjudication civil detainee is detained under conditions more restrictive than a post-adjudication civil detainee would face.").

### (2) ANALYSIS

Here, Plaintiff appears to allege a Fourteenth Amendment conditions of confinement claim against Defendant. However, Plaintiff fails to identify any specific action that Defendant took that "amount[ed] to punishment or otherwise

violate[d] the Constitution." Bell, 441 U.S. at 536-37. Additionally, while Plaintiff conclusorily claims he is suffering because his health and safety are in danger, he fails to identify a specific harm caused by actions taken by Defendant. Absent any allegations that Defendant acted or failed to act (1) for the purpose of punishing Plaintiff, and (2) thereby causing Plaintiff harm, Plaintiff's Fourteenth Amendment conditions of confinement claim must be dismissed. Endsley, 750 F. Supp. 2d at 1100.

### B. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST DEFENDANT

**(1) APPLICABLE LAW**

"Involuntarily committed patients in state mental health hospitals have a Fourteenth Amendment due process right to be provided safe conditions by the hospital administrators." Ammons v. Washington Dep't of Soc. & Health Servs., 648 F.3d 1020, 1027 (9th Cir. 2011). "[L]iability may be imposed for failure to provide safe conditions 'when the decision made by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" Id. (citing Youngberg v. Romeo, 457 U.S. 307, 314, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982)). To sufficiently state a failure to protect claim, a plaintiff must allege facts "to show that defendants knew of any threats to his safety or deviated from professional standards by disregarding known unsafe conditions." Cranford v. Ahlin, 610 F. App'x 714 (9th Cir. 2015)[2].

**(2) ANALYSIS**

Here, to the extent Plaintiff is attempting to raise a Fourteenth Amendment violation for failure to protect, he fails to allege sufficient facts to state a claim.

---

[2] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

6

Plaintiff has not provided any facts to show that Defendant "knew of any threat" to Plaintiff's safety, or "deviated from professional standards by disregarding known unsafe conditions." Id. Thus, Plaintiff has failed to state a Fourteenth Amendment failure to protect claim.

## C. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT EXCESSIVE FORCE CLAIM AGAINST DEFENDANT

### (1) APPLICABLE LAW

The "settled rule [is] that the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992) (internal quotation marks omitted). "When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002) (footnote omitted). However, "the rights of civilly committed persons are protected by the Due Process Clause of the Fourteenth Amendment and not the Cruel and Unusual Punishment Clause of the Eighth Amendment." Irvin v. Baca, No. CV 03-2565-AHS (CW), 2011 WL 838915, at *8 (C.D. Cal. Jan. 18, 2011), report and recommendation adopted, 2011 WL 835834 (C.D. Cal. Feb. 28, 2011).

The standard applicable to Fourteenth Amendment excessive force cases is the same as the Fourth Amendment "objective" test, rather than the often harder-to-prove Eighth Amendment "subjective" standard. Kingsley v. Hendrickson, ___ U.S. ___, 135 S. Ct. 2466, 2470, 192 L. Ed. 2d 416 (2015). Thus, the inquiry here is whether the defendants' "actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989). The gravity of a particular intrusion on an individual's Fourth Amendment interests depends on "the type and amount of force inflicted." Chew

v. Gates, 27 F.3d 1432, 1440 (9th Cir. 1994). "[E]ven when some force is justified the amount actually used may be excessive." Blankenhorn v. City of Orange, 485 F.3d 463, 477 (9th Cir. 2007) (citations and internal quotation marks omitted); see also Santos v. Gates, 287 F.3d 846, 854 (9th Cir. 2002).

**(2) ANALYSIS**

Here, to the extent Plaintiff is attempting to raise an excessive force claim based on an incident that occurred on September 10, 2014, he fails to state a claim. Plaintiff does not provide any facts alleging Defendant was involved in any way in the attack. In fact, Plaintiff specifically states that it was a patient who attacked him. Thus, Plaintiff fails to state an excessive force claim against Defendant.

**V.**

**LEAVE TO FILE A SECOND AMENDED COMPLAINT**

For the foregoing reasons, the FAC is subject to dismissal. As the Court is unable to determine whether amendment would be futile, leave to amend is granted. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1. Plaintiff may file a Second Amended Complaint to attempt to cure the deficiencies discussed above. **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Second Amended Complaint, which the Court encourages Plaintiff to use.**

If Plaintiff chooses to file a Second Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the Second Amended

8

Complaint must be complete without reference to the FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Second Amended Complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Second Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. County of Orange, 917 F. Supp.2d 1060, 1066 (C.D. Cal. 2012) (citations omitted); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Second Amended Complaint with claims on which relief cannot be granted, the Second Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Second Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

///
///
///
///
///
///

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: August 30, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge