UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK ROBERT SMITH,<br><br>          Plaintiff,<br><br>        v.<br><br>PATTON STATE HOSPITAL, et al.,<br><br>          Defendants. | Case No. EDCV 17-1594-JFW (KK)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.

## **INTRODUCTION**

Plaintiff Jack Robert Smith ("Plaintiff"), proceeding pro se and in forma pauperis, has filed a Second Amended Complaint ("SAC") against Defendant Harry Oreol ("Defendant") in his individual capacity for violations of Plaintiff's Fourteenth Amendment rights under 42 U.S.C. § 1983 ("Section 1983"). For the reasons discussed below, the Court dismisses the SAC with leave to amend.

///
///
///
///
///

## II.
## **BACKGROUND**

On July 27, 2017, Plaintiff constructively filed[1] a civil rights complaint alleging defendant Patton State Hospital violated his Fourteenth Amendment rights to substantive due process and to be free from "cruel and unusual punishment [and] torture." ECF Docket No. ("Dkt.") 1 at 4.

On August 11, 2017, the Court dismissed Plaintiff's complaint with leave to amend for failure to state a claim. Dkt. 6, Order.

On August 17, 2017, Plaintiff constructively filed a First Amended Complaint ("FAC") against Defendant in his individual capacity, claiming that "[a]s a result of Harry Oreol[']s[] negligence, [Plaintiff] [was] being 'robbed of [his] Constitutional rights.'" Dkt. 9 at 7 (emphasis omitted).

On August 30, 2017, the Court dismissed Plaintiff's FAC with leave to amend for failure to state a claim. Dkt. 11, Order.

On September 8, 2017, Plaintiff constructively filed the instant SAC against Defendant, the Executive Director of Patton State Hospital, in his individual capacity, for violating Plaintiff's substantive due process rights under the Fourteenth Amendment. Dkt. 12 at 2, 4, 7. Plaintiff alleges Defendant "has acted with intentional[,] malicious[, and] reckless disregard of [Plaintiff's] constitutional rights." Id. at 2.

According to the SAC, Plaintiff is being "hospitalized although [he] [is] 'not mentally ill, not dangerous & [he] [is] not receiving any treatment.'" Id. at 7 (emphasis omitted). Plaintiff alleges the "conditions of [his] confinement are

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating "mailbox rule applies to § 1983 suits filed by pro se prisoners"); Williamson v. Flavan, No. CV 08-3635-R (JEM), 2009 WL 3066642, at *3 (C.D. Cal. Sept. 21, 2009) (applying "mailbox rule" to civilly committed individuals).

'unjustifiabl[y] oppressive[,] dangerous & cruel' because [d]ay after day, [he is] 'forced to live with some abusive heartless staff that bully [him], verbally/mentally/physically abuse [him], force medicate [him], lie in reports & retaliate against [him] for reporting them.'" Id. Plaintiff alleges Defendant "has been made aware of these complaints through 'letters directly to him, through [t]he Program Director, [t]he Medical Director, Patient's Rights & [t]he Joint Commission.'" Id. Plaintiff further alleges Defendant is "'intentionally punishing [Plaintiff] & putting [Plaintiff's] health, wellbeing & safety in danger' by 'ignoring & refusing to resolve all of the following complaints that [Plaintiff] ha[s] repeatedly brought to [Defendant's] attention.'" Id. Plaintiff claims Defendant "never 'reprimands or fires the hospital staff'" and is therefore "'enabling them' to continue subjecting [Plaintiff] to this 'unethical abusive behavior on a daily basis.'" Id.

Plaintiff concludes "[a]s a result of [Defendant's] negligence, [Plaintiff's] 'health, wellbeing & safety is put in danger.'" Id. Plaintiff seeks compensatory and punitive damages. Id. at 5.

### III.
### **STANDARD OF REVIEW**

As Plaintiff is proceeding in forma pauperis, the Court must screen the SAC and is required to dismiss the case at any time if it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).

In determining whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Rule 8 of the Federal Rules of Civil Procedure ("Rule 8") as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Under Rule 8(a), a complaint must contain a

3

"short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Zamani v. Carnes, 491 F.3d 990, 996 (9th Cir. 2007). In considering whether a complaint states a claim, a court must accept as true all of the material factual allegations in it. Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1004. The plausibility standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (1997).

"A document filed pro se is 'to be liberally construed,' and a 'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Woods v. Carey, 525 F.3d 886, 889-90 (9th Cir. 2008). However, liberal construction should only be afforded to "a plaintiff's factual allegations," Neitzke v. Williams, 490 U.S. 319, 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 339 (1989), and the Court need not accept as true "unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003).

If the court finds the complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible the defects in the complaint could be corrected, especially if

the plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995). However, if, after careful consideration, it is clear a complaint cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1107-11; see also Moss v. U.S. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009).

## IV.

## DISCUSSION

### A. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANT

#### (1) APPLICABLE LAW

Under the Fourteenth Amendment, a civilly-committed person may be subjected "to the restrictions and conditions of the detention facility so long as those conditions and restrictions do not amount to punishment or otherwise violate the Constitution." Bell v. Wolfish, 441 U.S. 520, 536-37, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979). A government action constitutes punishment if "(1) the action causes the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action is to punish the detainee." Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004) (citing Wolfish, 441 U.S. at 538 ("A court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.")).

Under what is often called the first prong of the analysis for government punishment, the harm or disability "must either significantly exceed, or be independent of, the inherent discomforts of confinement." Id.; see Wolfish, 441 U.S. at 537 ("Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility.").

The second prong of the analysis—an improper government purpose—can be demonstrated by showing the conditions are "expressly intended to punish" or

serve an "alternative, non-punitive purpose" that is "excessive in relation to that alternative purpose." Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004); see Endsley v. Luna, 750 F. Supp. 2d 1074, 1100 (C.D. Cal. 2010), aff'd, 473 F. App'x 745 (9th Cir. 2012).

**(2) ANALYSIS**

Here, Plaintiff appears to allege a Fourteenth Amendment conditions of confinement claim against Defendant. However, despite specific instructions from the Court, Plaintiff has again failed to include sufficient facts to state a conditions of confinement claim.[2]

First, Plaintiff has not alleged specific facts showing Defendant's action caused Plaintiff to suffer harm or disability that "either significantly exceed[ed], or [was] independent of, the inherent discomforts of confinement." Demery, 378 F.3d at 1030. Instead, Plaintiff generally and conclusorily alleges "[a]s a result of [Defendant's] 'failure to act'" Plaintiff is "living in fear, deprived of [his] life & liberty, suffering endless amounts of frustration, stress, uncertainty & robbed of [his] constitutional rights." Dkt. 12 at 7. Such allegations do not "significantly exceed . . . the inherent discomforts of confinement." Demery, 378 F.3d at 1030; see Daniel v. City of Glendale, No. CV14-3864 VAP (AJW), 2015 WL 5446924, at *7-8 (C.D. Cal. Mar. 19, 2015) (finding a detainee taken "out of his comfort of freedom," sharing "personal space with convicted criminals, gang members, and strangers," not receiving soap to wash his hands until the next day, and not being able to take unspecified medication for an unspecified illness did not amount to

---

[2] In the Court's August 30, 2017, Order Dismissing FAC With Leave to Amend, the Court specifically focused on Plaintiff's conditions of confinement claim and detailed deficiencies in his allegations, stating, "Plaintiff fails to identify any specific action that Defendant took that 'amount[ed] to punishment or otherwise violate[d] the Constitution.'" Dkt. 11 at 5-6. "Additionally, while Plaintiff conclusorily claims he is suffering because his health and safety are in danger, he failed to identify a specific harm caused by actions taken by Defendant." Id. at 6.

6

punishment). Hence, Plaintiff fails to allege sufficient facts to satisfy the first prong of a conditions of confinement claim.

Second, Plaintiff has not alleged specific facts showing Defendant's purpose was to punish Plaintiff. Instead, Plaintiff conclusorily states "[Defendant] is 'intentionally punishing [Plaintiff] & putting [his] health, wellbeing & safety in danger' by ignoring & refusing to resolve all of the . . . complaints that [Plaintiff] ha[s] repeatedly brought to [Defendant's] attention." Dkt. 12 at 7. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Hence, Plaintiff fails to allege sufficient facts to satisfy the second prong of a conditions of confinement claim. Blanas, 393 F.3d at 932.

Therefore, Plaintiff's Fourteenth Amendment conditions of confinement claim must be dismissed. See Demery, 378 F.3d at 1030. If Plaintiff chooses to pursue this claim in an amended complaint, he must, at a minimum allege specific, non-conclusory facts establishing (1) a specific harm or disability that "either significantly exceed[s], or [is] independent of, the inherent discomforts of confinement" and (2) Defendant's action were "expressly intended to punish" or "excessive" in relation to an "alternative, non-punitive purpose." See id. For example, to the extent possible, Plaintiff should identify specific facts regarding who inflicted the specific harm, what specific harm was inflicted, when the specific harm was suffered, and where the specific harm occurred.

**B. PLAINTIFF FAILS TO STATE A FOURTEENTH AMENDMENT FAILURE TO PROTECT CLAIM AGAINST DEFENDANT**

    **(1) APPLICABLE LAW**

"Involuntarily committed patients in state mental health hospitals have a Fourteenth Amendment due process right to be provided safe conditions by the hospital administrators." Ammons v. Wa. Dep't of Soc. & Health Servs., 648 F.3d 1020, 1027 (9th Cir. 2011); see also Cty. of Sacramento v. Lewis, 523 U.S. 833, 852 n.12, 118 S. Ct. 1709, 140 L. Ed. 2d 1043 (1998) ("The combination of a patient's

involuntary commitment and his total dependence on his custodians obliges the government to take thought and make reasonable provision for the patient's welfare."). Under the Fourteenth Amendment, state officials are required to "take steps in accordance with professional standards to prevent harm from occurring," and must not "act (or fail to act) with conscious indifference." Ammons, 648 F.3d at 1029-30.

"[L]iability may be imposed for failure to provide safe conditions 'when the decision by the professional is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" Id. at 1027 (quoting Youngberg v. Romeo, 457 U.S. 307, 322-23, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982)). The professional judgment standard is an objective standard, and it equates "to that required in ordinary tort cases for a finding of conscious indifference amounting to gross negligence." Id. at 1029; see also Castro v. Cty. of L.A., 833 F.3d 1060 (9th Cir. 2016) (en banc) (holding the "objective standard" applies to failure to protect claims under the Fourteenth Amendment for pretrial detainees). "Th[e] 'conscious indifference' standard is not the same as the 'deliberate indifference' standard used in the Eighth Amendment cruel and unusual punishment context and extended to alleged violations of pre-trial detainees' rights under the Fourteenth Amendment." Ammons, 648 F.3d at 1029.

To sufficiently state a failure to protect claim, a plaintiff must allege facts "to show that defendants knew of any threats to his safety or deviated from professional standards by disregarding known unsafe conditions." Cranford v. Ahlin, 610 F. App'x 714, 714 (9th Cir. 2015)[3] (citing Ammons, 648 F.3d at 1029-30); see also Chester v. De Morales, No. CV-09-4256 DMG (JC), 2011 WL 1344571, at *5 (C.D. Cal. Feb. 10, 2011) ("[P]laintiff presents no evidence . . . that

---

[3] The Court may cite to unpublished Ninth Circuit opinions issued on or after January 1, 2007. U.S. Ct. App. 9th Cir. R. 36-3(b); Fed. R. App. P. 32.1(a).

defendant . . . failed to protect plaintiff from '*known* threats to patient safety.'" (emphasis in original)), aff'd, 478 Fed. App'x 466 (9th Cir. 2012).

### (2) ANALYSIS

Here, to the extent Plaintiff raises a Fourteenth Amendment violation for failure to protect, he does not allege sufficient facts. Despite instructions from the Court, Plaintiff has failed to include specific facts for a failure to protect claim.[4]

#### (a) **Plaintiff fails to allege any facts supporting Defendant knew of threats to Plaintiff's safety before any incident**

Plaintiff conclusorily alleges Defendant "has been made aware of [Plaintiff's] complaints through 'letters directly to [Defendant], through [t]he Program Director, [t]he Medical Director, Patient's Rights & [t]he Joint Commission." Dkt. 12 at 7. Plaintiff's general and conclusory allegations are insufficient to enable the Court to determine what, if anything, Defendant knew before any incident occurred. See Chester, 2011 WL 1344571, at *5 ("[P]laintiff's only direct communication with [defendant] consisted of letters written *after* the . . . [a]ttack."); Cranford v. Ahlin, No. 1:14-CV-01131-MJS (PC), 2014 WL 6669230, at *2 (E.D. Cal. Nov. 24, 2014) ("Plaintiff's conclusory statement that all of the 'Defendants' were aware of his complaint is insufficient to state a claim."), aff'd, 610 F. App'x 714 (9th Cir. 2015); id. ("Plaintiff has not alleged facts to show that Defendant . . . was aware that he was assaulted or at risk for further assaults."). Absent facts showing Defendant (1) "knew of any threats" to Plaintiff's safety before any incident, or (2) "deviated from professional standards by disregarding known unsafe conditions" after Plaintiff informed Defendant of specific complaints, Plaintiff is simply relying on blanket assertions, which do not state a

---

[4] In the Court's August 30, 2017, Order Dismissing FAC With Leave to Amend, the Court specifically focused on Plaintiff's failure to protect claim and detailed deficiencies in his allegations, stating, "Plaintiff has not provided any facts to show that Defendant 'knew of any threat' to Plaintiff's safety or 'deviated from professional standards by disregarding known unsafe conditions.'" Dkt. 11 at 7.

9

claim for relief. See Cranford, 610 F. App'x at 714 ("The district court properly dismissed [plaintiff]'s action because [plaintiff] failed to allege facts sufficient to show that defendants knew of any threats to his safety or deviated from professional standards by disregarding known unsafe conditions.").

        (b) **Plaintiff fails to allege specific further harm to Plaintiff through Defendant's inaction after knowledge of abuse**

Plaintiff alleges Defendant "intentionally, maliciously refused to *resolve any complaints* that [Plaintiff] ha[s] made." Dkt. 12 at 7 (emphasis added). However, Plaintiff's conclusory allegations do not provide the Court with any facts that would show Defendant's inaction caused any further harm to Plaintiff. See Cranford, 2014 WL 6669230, at *2 ("It also is unclear whether Plaintiff suffered further assaults *after* his complaints, and thus whether Defendant . . . may be said to have failed to protect Plaintiff from such *further* assaults." (emphases added)).

Plaintiff implies he continues to suffer from abuse every day. Plaintiff states Defendant "never 'reprimands or fires the hospital staff'" and is therefore "enabling" the hospital staff "to continue subjecting [Plaintiff]" to "abusive behavior on a daily basis," and "forc[ing] [Plaintiff] to live with some abusive heartless staff that bully [Plaintiff], verbally/mentally/physically abuse [Plaintiff],[5] force medicate [Plaintiff],[6] lie in reports & retaliate against [Plaintiff] for reporting them."[7] Dkt. 12 at 7. However, Plaintiff fails to allege any specific facts showing

---

[5] Plaintiff does not provide any specific facts as to the verbal, mental, or physical abuse.

[6] Plaintiff does not provide any specific facts pertaining his general claim of force medication. However, issues with medication in a state mental health hospital may not state a due process violation (i.e., a failure to protect) if the decision is based on professional judgment. See Sharp v. Weston, 233 F.3d 1166, 1171 (9th Cir. 2000) ("Although the state enjoys wide latitude in developing treatment regimens, the courts may take action when there is a substantial departure from accepted professional judgment or when there has been no exercise of professional judgment at all.").

[7] Plaintiff does not include any specific facts pertaining to lying in reports and retaliation against Plaintiff for reporting. See Rhodes v. Robinson, 408 F.3d 559,

10

abuse occurred after Defendant knew of his complaints, or what specific ongoing harms continued because of Defendant's inaction.  Cf. OSU Student All. v. Ray, 699 F.3d 1053, 1073 n.15 (9th Cir. 2012) ("[I]nvoluntarily committed psychiatric patient stated due process claim against hospital administrators for failing to provide safe conditions through *knowledge* and *acquiescence*." (emphases added) (citing Ammons, 648 F.3d at 1026)).

Therefore, Plaintiff's Fourteenth Amendment failure to protect claim must be dismissed.  If Plaintiff chooses to pursue this claim in an amended complaint, he must, at a minimum allege specific, non-conclusory facts establishing (1) Defendant *knew* of specific threats to Plaintiff's safety and (2) specific harm occurred to Plaintiff *after* Defendant's knowledge.  To the extent possible, Plaintiff should provide specific information (e.g., who, what, when, and where) regarding how Defendant became aware of a specific threat; what specific threat Defendant was informed of; and what specific harm Plaintiff later suffered.

## V.
## **LEAVE TO FILE A THIRD AMENDED COMPLAINT**

For the foregoing reasons, the SAC is subject to dismissal.  As the Court is unable to determine whether amendment would be futile, leave to amend is granted.  See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Accordingly, IT IS ORDERED THAT **within twenty-one (21) days** of the service date of this Order, Plaintiff choose one of the following two options:

1.	Plaintiff may file a Third Amended Complaint to attempt to cure the deficiencies discussed above.  **The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the Third Amended Complaint, which the Court encourages Plaintiff to use.**

---

567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim for filing prison grievances and pursuing civil rights litigation in courts).

11

If Plaintiff chooses to file a Third Amended Complaint, Plaintiff must clearly designate on the face of the document that it is the "Third Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or rewritten in its entirety, preferably on the court-approved form. Plaintiff shall not include new defendants or new allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the Third Amended Complaint must be complete without reference to the SAC, FAC, Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as nonexistent. Id. Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the Third Amended Complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward another dismissal with leave to amend if Plaintiff files a Third Amended Complaint that continues to include claims on which relief cannot be granted. "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'" Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012) (quoting DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 n.3 (9th Cir. 1987)); see also Ferdik, 963 F.2d at 1261. Thus, **if Plaintiff files a Third Amended Complaint with claims on which relief cannot be granted, the Third Amended Complaint will be dismissed without leave to amend and with prejudice.**

**Plaintiff is explicitly cautioned that failure to timely file a Third Amended Complaint will result in this action being dismissed with prejudice for failure to state a claim, prosecute and/or obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

2. Alternatively, Plaintiff may voluntarily dismiss the action without prejudice, pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use.**

Dated: October 11, 2017

HONORABLE KENLY KIYA KATO
United States Magistrate Judge